Porter, J.
The questions to be decided in this cause, are, wether a general power of attorney to administer on the principal's property, is a sufficient authority to sell negroes, and if it is not, whether a letter in the following words will support the sale ?
New-Orleans, Jan. 11, 1818.
Judge Tessier,
Dear Sir,—Since I left Baton Rouge. I Have made up (my) mind to sell Susan and her children; therefore, you will do me a particular favour in aiding and assisting captain Hall in the same, as he is my agent.
(Signed) J. M. Cleaveland.
The general power to administer did not give a right, to sell. Our laws require a special authority to enable the attorney-in-fact to alienate immoveable property. Civil Code, 422, art. 10.
If the sale therefore is good, it must be in virtue of the letter just transcribed, addressed to the judge of the parish, where the property was situated.
*680 Our law recognises a power of attorney in this form. Civil Code, 422, art. 6, Part. 5, tit. 12. 1. 24. The only enquiry then is, are the expressions contained in it sufficient to mark clearly the intention of the principal, that his agent should dispose of the property now in contest ?
I am quite satisfied that they do express this intention. The writer says he has made up his mind to have certain slaves sold, and requests the judge to assist his agent in doing so.
1 do not see how language could convey more clearly his wishes, or recognise more perfectly the authority he intended to confer.
The law has provided no particular form for a power of attorney, it is sufficient if the principal distinctly expresses his will. Par. 5, tit. 12, l. 24. Pothier, Traité du contrat de mandat, n. 30. Sive rogo, sive volo, sive mando, sive alio quocumque verbo scripserit; mandati actio est. Dig. lib. 17, tit. 1, l. 1, n. 2.
A bill of exceptions was taken to the introduction of the letter to Tessier, but I have been unable to discover any good reason to justify us in rejecting it.
I am therefore of opinion, that the judgment *681 of the district court be annulled, avoided and reversed; that the defendants do deliver to the plaintiff the slaves mentioned in the petition: that the injunction granted by the district court he made perpetual, and that the appellees pay the costs of this appeal.
Martin, J.
I am of the same opinion.
Mathews, J.
From the tenor of the letter addressed to the parish judge, it is evident Cleaveland intended that his agent, Hall, should have power to sell and convey the slaves now in dispute ; and it is probable that he thought the general power granted to transact all his business, would authorise such sale; which, although in itself insufficient, when coupled with the letter, gave to his agent full authority to act for him in transfering the property. As if does not appear that there was any bad faith in the transaction, I am of opinion that the plaintiff’s title to the slaves ought not to be invalidated.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed ; that the defendants deliver to the plaintiff the slaves *682 mentioned in the petition; that the injunction granted by the district court be made perpetual, and that the appellees pay the costs of this appeal.
Duncan for the plaintiff, Eustis for the defendants.